UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WENDY B.,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. 3:25-CV-5324-DWC

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her application Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes that this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

**I.    BACKGROUND**

Plaintiff applied for DIB on April 17, 2023. Administrative Record (AR) 41. Her alleged date of disability onset is September 1, 2022. *Id.* The Administrative Law Judge (ALJ) held

1  hearings on her claims on July 23, 2024 (AR 65–79), and December 3, 2024 (AR 80–103). On
2  December 20, 2024, the ALJ issued a written decision finding Plaintiff not disabled. AR 38–60.
3  The Appeals Council declined Plaintiff's timely request for review, making the ALJ's decision
4  the final agency action subject to judicial review. AR 1–7. On April 16, 2025, Plaintiff filed a
5  Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 1.

## II. STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III. DISCUSSION

In her opening brief, Plaintiff argues the ALJ erred in (1) improperly assessing the medical opinions of Mary Miller, ARNP, and two state agency consultants, and (2) improperly assessing her subjective symptom testimony. Dkt. 7.[1]

For applications, like Plaintiff's, filed after March 27, 2017, ALJs need not "defer or give any specific evidentiary weight, including controlling weight, to" particular medical opinions, including those of treating or examining sources. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, considering each opinion's "supportability" and "consistency," and, under some circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§

---

[1] Plaintiff also contends the ALJ's RFC assessment was erroneous because it did not include limitations supported by the evidence she contends was improperly evaluated, but the Court addresses this argument by considering whether the evidence was improperly discredited and, if so, whether that improper assessment rendered the RFC incomplete. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008) (RFC inadequacy based only on other arguments not independent basis for remand).

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 2

404.1520c(b)–(c), 416.920c(b)–(c). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2).

Examining source ARNP Miller completed an opinion in August 2023. AR 754–59. She opined Plaintiff could stand and walk at least two hours with breaks, writing the "justification" for the limitation was Plaintiff's "cane and brace use and body habitus." AR 759. She indicated a cane was necessary for all distances and terrain. *Id.* She opined Plaintiff could lift less than 10 pounds due to her limited range of motion and cane use, and had additional postural, manipulative, and environmental limitations. *See id.*

ARNP Miller's examination results noted Plaintiff used a cane and wore a knee brace, could get up and down from a chair and table with help from her cane, but could not tandem walk or heel-toe walk and had antalgic gait with her cane. AR 757. The examination revealed restrictions in range of motion. *Id.* ARNP Miller also noted Plaintiff was positive for bilateral knee pain and right shoulder pain. AR 756. And ARNP Miller wrote Plaintiff "reinjure[s] her knee fairly often," "ha[s] problems with falls," and that "her functional assessment of [Plaintiff's] ability to work will also be effected by [Plaintiff's] body habitus." AR 758–59.

The ALJ found the opinion unpersuasive. *See* AR 52. The ALJ relied in part upon the opinions of two state agency consultants, who wrote that Plaintiff's "presentation at the [consultative examination] was 'managed' and not honest" because there was no impairment explaining gait or range of motion issues and no records of abnormal gait and cane use. *See* AR 52, 110, 121. The ALJ found ARNP Miller's opinion unpersuasive for the following reasons:

> The undersigned agrees with the reasoning of the state agency medical consultants except to the extent honesty is not considered as a factor but rather consistency. Ms.

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 3

> Miller's justification largely related to cane and brace use as well as body habitus is not fully supported by her own examination in which she reviewed minimal outside records so that her overall opinion was limited. It is also inconsistent with the claimant's inconsistent use of her cane and apparent comfort/perceived precaution rather than medical necessity. In fact, Ms. Miller does not provide a complete articulation of necessity, instead seemingly accepting its need based on the claimant's arrival with it. Her opinion is also inconsistent with the claimant's nonsevere nature of obesity as discussed above, with no observations of acute distress noted by treatment providers, and with physical examinations in the record that show greater range of motion, normal gait without a cane during the period at issue, and imaging of the back, neck, and knees that are consistent with lesser restriction than opined.

AR 52. This was not an adequate explanation for rejecting ARNP Miller's opinion.

With respect to supportability, the ALJ erred by discounting ARNP Miller's opinion because she reviewed "minimal outside records." Supportability, however, considers "the objective medical evidence and supporting explanations presented by a medical source," 20 C.F.R. § 404.1520c(c)(1), rather than the extent to which the source is familiar with those records that were not presented by her, a distinct consideration relevant if two opinions are otherwise equally persuasive, *id.* §§ 404.1520c(c)(3), (c)(5). As discussed, ARNP Miller's examination revealed abnormal results, and she provided explanations for the limitations she opined. The ALJ's reasoning failed to engage with those results and explanations, and therefore the ALJ did not provide an adequate rationale for finding the opinion unsupported.

The state agency consultants' statement, incorporated in the ALJ's findings, that no impairment would explain potential limitations in walking or standing was not supported by substantial evidence and contradicts the ALJ's other findings. The ALJ found Plaintiff had the severe impairment of "other and unspecified arthropathies." AR 43. An arthropathy is "a disease of a joint." *See* Arthropathy, Merriam-Webster Dictionary Online https://www.merriam-webster.com/dictionary/arthropathy (accessed Sept. 22, 2025). The Court cannot discern why a disorder affecting Plaintiff's knee and back joints could not cause limitations in walking or

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 4

standing. To the contrary, Plaintiff alleged difficulties walking and standing and the ALJ found Plaintiff's "impairments could reasonably be expected to cause the alleged symptoms." *See* AR 48.

Much of the ALJ's explanation focused on ARNP Miller's finding that Plaintiff needed a cane and her reliance upon Plaintiff's cane use in opining further limitations. "To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed[.]" SSR 96-9p. ARNP Miller wrote Plaintiff "uses a cane which is necessary for all distances and all terrain." AR 759.

The ALJ's finding that ARNP Miller's reliance upon Plaintiff's cane use in describing her limitations was "inconsistent with [Plaintiff's] inconsistent use of her cane and apparent comfort/perceived precaution rather than medical necessity" (AR 52) was not a valid basis for rejecting the opinion. The ALJ was apparently referencing the fact—described elsewhere in the decision—that Plaintiff's cane use was described as a precaution to avoid falling. *See* AR 48, 49. This does not mean the cane was not medically necessary. SSR 96-9p's requirement that an assistive device be necessary "to aid in walking or standing" does not mean the assistive device must be necessary to walk or stand. Rather, it means the device must be necessary to help with walking or standing, and the use of such a device to avoid falling meets that criterion.

The ALJ's statement that ARNP Miller did not provide a "complete articulation of necessity" for Plaintiff's cane use is similarly erroneous. ARNP Miller's statement met SSR 96-9p's baseline requirements: it stated a cane was "necessary" and described the circumstances in which it is needed ("all distances and all terrain"). The ALJ's inference that ARNP Miller simply accepted a cane was necessary solely from Plaintiff's "arrival with it" is also unsupported.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 5

ARNP Miller made observations of Plaintiff's use of her cane in examination, her examination revealed deficiencies in gait, and she explained that Plaintiff reinjures her knee often. *See* AR 757–58.

As for "the nonsevere nature of [Plaintiff's] obesity" (AR 52), the ALJ did find Plaintiff's obesity non-severe at step two because there was no evidence "establish[ing] that her weight has caused any specific impact on [her] functioning." AR 45. But the ALJ is required to consider the combined effect of Plaintiff's impairments, even if one of them in isolation is non-severe. *See* 20 C.F.R. § 404.1523(c). The ALJ's reliance upon her step two finding that there was no evidence of a specific obesity-related functional impact is therefore not a valid reason for rejecting ARNP Miller's opinion—ARNP Miller's opinion is itself evidence that obesity effects Plaintiff's functioning, at least when considered in combination with her other impairments.

The remaining evidence cited by the ALJ did not provide a proper basis for rejecting ARNP Miller's opinion. Notations of "no acute distress" show Plaintiff did not have new, emerging conditions when seeking treatment, not that Plaintiff was unaffected by her ongoing conditions. *See Richard F. v. Comm'r of Soc. Sec.*, No. C19-5220, 2019 WL 6713375, at *7 (W.D. Wash. Dec. 10, 2019) ("'Acute' means 'of recent or sudden onset; contrasted with chronic.'") (quoting *Acute*, Oxford English Dictionary (3d ed. Dec. 2011)).

The ALJ's reference to Plaintiff's normal gait fares no better. The ALJ referenced two instances where Plaintiff had normal gait (*see* AR 50), but the record contains other instances where Plaintiff's gait was antalgic or where her walking was otherwise abnormal (*see, e.g.*, AR 397, 757, 785, 928, 959, 1132). Without some rationale for preferring the two notes showing normal gait over those to the contrary, this is not substantial evidence for rejecting ARNP Miller's opinion. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (The Court

"must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence.") (citation and quotation omitted); *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (ALJ cannot "cherry-pick" some records but must consider full record in context) (internal quotations omitted).

Plaintiff's normal range of motion in many examinations, which the ALJ referenced elsewhere in his decision (*see* AR 50, citing *inter alia* AR 785, 1045, 1059, 1075, 1132–33, 1138),[2] does undermine some of the basis for ARNP Miller's opined limitations in lifting and carrying (*see* AR 759). However, it does not undermine ARNP Miller's limitations in standing, walking, or performing postural activities.

In sum, the ALJ failed to provide proper reasons supported by substantial evidence for rejecting ARNP Miller's opinion. Defendant does not contend such an error was harmless, so the Court reverses. *See Ferguson v. O'Malley*, 95 F.4th 1194, 1204 (9th Cir. 2024) ("The Commissioner does not contend that the ALJ's error was harmless. Consequently, we reverse the judgment . . . .").

Having found reversible error, the Court need not consider Plaintiff's other contentions. Plaintiff contends the case should be remanded for an award of benefits (Dkt. 12 at 16–17), but the Court finds the record is not free from ambiguities, conflicts, and gaps, and therefore remands for further proceedings. *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). On remand, the ALJ should reassess the medical evidence and, if appropriate, reassess his RFC finding and his findings at step five of the sequential evaluation process.

---

[2] Although the ALJ did not specifically cite these records in his discussion of ARNP Miller's opinion, this is not fatal; the Court looks to the ALJ's full explanation. *See Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) ("[T]he court clearly erred by overlooking the ALJ's full explanation. Looking to the entire record, substantial evidence supports the ALJ's conclusion").

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 7

## IV.  CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 30th day of September, 2025.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge